

Fee
Paid

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Michael Koester, individually and on behalf of all others similarly situated,** | **POOR QUALITY ORIGINAL** |
| Plaintiff, | |
| | Case: 2:25-cv-14188 |
| v. | Assigned To : Grey, Jonathan J.C. |
| | Referral Judge: Patti, Anthony P. |
| | Assign. Date : 12/30/2025 |
| | Description: CMP Michael Koester V DraftKings, Inc (LH) |
| **DraftKings Inc. and its Subsidiaries,** | |
| Defendant | |

## COMPLAINT AND JURY DEMAND

Plaintiff Michael Koester ("Plaintiff" or "Koester") individually and on behalf of all others similarly situated brings this Complaint and Jury Demand against DraftKings Inc. and its Subsidiaries ("DraftKings" or "Defendants") and states and alleges as follows:

### Introduction

This case is about Defendants' systemic failure to follow the laws of the State of Michigan, Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York with respect to internet sports/casino gambling and in particular user implemented gaming protections. As a result of these violations of multiple states' laws, Plaintiff and similarly positioned individuals were harmed.

When the Michigan legislature passed the Lawful Internet Gaming Act (Act 152 of 2019), the legislature was very specific in including language meant to protect Michigan patrons using these online

1

casinos and sportsbooks.  While online gambling can be an entertaining pastime, the legislature knew

that there were substantial risks to Michigan residents and protections needed to be in place.

One of those protections that was put in place was Michigan law MI ADC R 432.653(2)(c) which states:

> Once established by an authorized participant and implemented by the internet gaming
> platform, it *must* only be possible to reduce the severity of self-imposed limitations upon
> 24 hours' notice

The states of Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York contain identically

worded or functionally similar statutes regarding patron protections.

Plaintiff (and similarly situated individuals) made pro-active decisions to protect themselves by

establishing gaming limits (including deposit limits and wager amount limits), which when taken in

combination with state law, provide robust protections for users.

Defendants deliberately chose not to include these legally mandated patron protections within

their online gaming platform and clearly violated these states' laws.  By not properly implementing

these legally required 24 Hour waiting periods for limit increases once an increase was requested,

Defendants rendered the Plaintiff's established limits and protections functionally useless.

While DraftKings is a gambling platform, this is not a case about gambling and gambling related

losses.  This is a straightforward case about Defendants violating state laws by accepting deposits and

allowing wagers on its platform when the law very clearly prohibits such activity.

Plaintiff brings this suit against all defendants for violation of MI regulation MI ADC R

432.653(2)(c) (and similar statutes in Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York),

breach of contract, statutory conversion pursuant to MCL 600.2919a(1)(a) (and similar statutes in

Indiana and Colorado and Connecticut), and negligent infliction of emotional distress.

Parties

Plaintiff Michael Koester is, and at all times relevant to this action was, a resident and citizen of

Michigan, who was able to deposit and wager monies on Defendants' sports betting platform in

violation of Michigan law.

Defendant DraftKings is a Delaware corporation with its headquarters located in Boston, MA.

Jurisdiction and Venue

This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005,

28 U.S.C. § 1332(d)(2) as to the named Plaintiff and every member of the Classes because the Classes

contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and

members of the Class reside across the United States and are therefore diverse from Defendants.

This Court has personal jurisdiction over Defendants because Defendants do business in

Michigan.

Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of

the events giving rise to Plaintiff's claims occurred in this District.

Facts

Plaintiff is a citizen of the state of Michigan and became aware of DraftKings in the latter half of

2021.  Plaintiff registered account, including transferring funds to said account, with Defendants'

platform at that time.  This account was a financial holding account which held Plaintiff's deposits and

withdrawals.

DraftKings is an online gaming operator that runs sports betting and casino operations

nationally and within Michigan in particular.

3

Within the Lawful Internet Gaming Act (Act 152 of 2019) the Michigan Legislature established laws to promote patron protections.  The Lawful Internet Gaming Act (Act 152 of 2019) §432.309(1)(f) requires the State to "Develop and enforce requirements for responsible gaming and player protection…"

One of those player protections is mandated in MI ADC R 432.653(2)(c) which states:

Once established by an authorized participant and implemented by the internet gaming platform, it *must* only be possible to reduce the severity of self-imposed limitations upon 24 hours' notice

The plain meaning of this regulation is clear that once a patron establishes any responsible gaming limitations (deposit, spend, time, wager amount), there must be at least a 24-hour waiting period *after* patron requests an increase to their self-imposed limits before that request can take effect.

These laws are rooted in the goal of protecting gamblers, specifically compulsive gamblers.  One of the main tools that all compulsive gamblers are taught in order to fight gambling urges is to *delay* gambling.  This 24 hour notice law was intended to provide a safety net to gamblers and provide that all-important delay.  Without these protections, gamblers might gamble (And therefore lose) more money than they can reasonably afford to lose.  These financial losses can lead to stress, anxiety, health disorders, family conflict, and even so far as the loss of a job or home.

When the Michigan legislature adopted this rule, according to the Michigan Regulatory Impact Statement (2020-10 TY), the Michigan Legislature looked at Indiana and New Jersey as potential models.  Based on the adopted language, Michigan copied Indiana's language.

| State | Statute | Language |
|---|---|---|
| Michigan | MI ADC R 432.653(2)(c) | Once established by an authorized participant and implemented by the internet gaming platform, it must only be possible to reduce the severity of self-imposed limitations upon 24 hours' notice |
| Indiana | 68 IAC 27-12-3(b)(3) | Once established by a patron and implemented by the sports wagering system, it must only be possible to reduce the severity of self-imposed limitations upon twenty-four (24) hour notice, or as required by the commission |
| New Jersey | NJ ADC 13:69O-1.4 (n) | An Internet or mobile gaming system shall be capable of allowing a patron to establish the following responsible gaming limits. Any decrease to these limits shall be effective no later than the patron's next log in. Any increase to these limits shall become effective only after the time period of the previous limit has expired |

Michigan specifically adopted the law requiring a 24 Hour waiting period once an increase was requested, not the rule allowing immediate increases once the limit period had passed.

Defendants' platform violates this law. The platform allows for an immediate increase of these user established limits without a 24-hour waiting period.

In order to protect himself when using the platform, Plaintiff established deposit limits, the first of which was established around December 2021. In the subsequent months, when Plaintiff considered adjusting his user defined limits, Defendants' platform did not enforce the 24 hour waiting period, instead allowing immediate increases to limits once it was requested. An example of this is shown below.









# Remove Wagering Limit

Your Monthly Wagering Limit of **$9.00** will be reset to the standard default amount. As a reminder you may add a Monthly Wagering Limit at any time.

**Remove Limit**

## Current Wagering Limits

You cannot wager more than $9.00 per month     MAY UPDATE TODAY OR **Remove Limit**

But for this immediate ability to increase gaming limits, Plaintiff would have been able to delay the gambling impulse and avoid falling into a destructive gambling spiral which caused him significant harm.

This pattern of establishing limits, and then being able to remove these limits without the required 24-hour waiting period, occurred numerous times between January 2022 and January 2023. During these occurrences, Defendants accepted illegal deposits in excess of $25,000.

According to the User Agreement, Plaintiff has met his procedural requirements by both filing a complaint with DraftKings customer service and then subsequently with the Michigan Gaming Control Board before bringing this action.

<u>Industry Practice</u>

Defendants' decision not to enforce a 24 hour waiting period on its platform puts Defendants at odds with industry practice. Specifically, Defendants' competitor platforms within Michigan all enforce the plain language of the law and require an at least 24 hour waiting period before a user can increase a limit once a request has bene made.

Examples of FanDuel and BetMGM enforcing this statutory requirement are seen below.



User limits help you manage your play in a healthy, responsible way. You can change your limits at any time, but there li be a waiting period for an increase to your limits starting at 3 days before they're active. See any limits you previously set by going to Limit History.



## Confirm your limits

**After the cooldown period**

These limits are not yet activated. Be sure to come back after the cooldown period to confirm a pending limit. If you change your mind, you can cancel a pending limit at any time

Global deposit limits        $1 per day        >

No day limit

September 19, 2022 at 9:05am ET

Global deposit limits        $2 per week        >

No week limit

September 23, 2022 at 9:05am ET

Global deposit limits        $3 per month        >

No month limit

October 17, 2022 at 9:05am ET

**Confirm**



Please Note: To better manage your wagering habits, any limit increases will take effect after a <u>waiting period</u>.



Tribal casinos within Michigan also follow this law.  Below is an example of Soaring Eagle Casino enforcing this regulation





Defendants' platform is an outlier in not abiding by this law.

<u>DraftKings User Agreement Terms and Conditions</u>

The terms and conditions of the Defendants' platform User Agreement state "These Terms of Use shall be governed by the internal substantive laws of the State of Michigan, without respect to its conflict of laws principles or any other law or regulation that would permit or require the application of the substantive laws of any jurisdiction other than the State of Michigan. Any claim or dispute between you and DraftKings that arises in whole or in part from the Terms of Use, the Website or any Contest shall be decided exclusively by a court of competent jurisdiction located in the State of Michigan." Plaintiff registered their account within the state of Michigan (Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York Respectively) and therefor Defendants and their platform is governed by Michigan laws, including MI ADC R 432.653(2)(c). Failure of Defendants to follow Michigan laws constitutes a breach on their part of Defendants' platform User Agreement.

As mentioned above, Plaintiff has met his procedural requirements by both filing a complaint with DraftKings customer service and then subsequently with the Michigan Gaming Control Board before bringing this action.

<u>Similar Statutes</u>

As identified above, Michigan, Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York all have similar or identical statutes.  These are listed below:

13

| State | Regulation | Language |
|---|---|---|
| Colorado | 1 CO ADC 207-2 (3)(b)(iii) | Once established by a patron and implemented by the sports betting system, it must only be possible to reduce the severity of self-imposed limitations upon 24 hours' notice, or as required by the Commission |
| Connecticut | CT ADC § 12-865-11 (t)(3) | Once established by a patron and implemented by the online gaming operator, it shall only be possible to reduce the severity of self-imposed limitations upon twenty-four hours' notice, or as required by the department. |
| Indiana | 68 IAC 27-12-3(b)(3) | Once established by a patron and implemented by the sports wagering system, it must only be possible to reduce the severity of self-imposed limitations upon twenty-four (24) hour notice, or as required by the commission |
| Iowa | 491-14.13(99E) (1) (e) | A process for players to easily impose limitations or notifications for deposits and monetary participation in a contest. Limitations must be applied automatically, take effect immediately, and be implemented as indicated by the player. No changes can be made reducing the severity of the self-imposed limitations for at least 24 hours |
| Louisiana | La. Admin Code. tit. 42, Pt VI, § 515 (B)(2) | Players shall have the option to adjust the self-limits to make them more restrictive as often as they choose, but shall not have the option to make the time period or limits less restrictive within 72 hours of setting. Any change must provide a prompt to ensure the player is aware of the change and the player must then confirm the change |
| Michigan | MI ADC R 432.653(2)(c) | Once established by an authorized participant and implemented by the internet gaming platform, it must only be possible to reduce the severity of self-imposed limitations upon 24 hours' notice |
| New York | 9 NY ADC 5403.2 (a)(2) and 9 NY ADC 5330.8 (c)(3) | Any holder of an account voluntarily restricted may have such restrictions removed or modified upon written or in-person request to the racing association or corporation. Pursuant to Racing, Pari-Mutuel Wagering and Breeding Law section 111(3), no request from a person to remove any limit placed on account wagers shall be effective until seven days after such request has been received by the racing association or corporation. |

<u>CLASS ACTION ALLEGATIONS</u>

This action is properly brought as a class action under Federal Rule of Civil Procedure 23(a) for the following reasons:

(a) Numerosity (Fed. R. Civ. P. 23(a)(1)): The proposed Class is so numerous and geographically dispersed throughout the United States that the joinder of all class members is impracticable. While Plaintiff does not know the exact number and identity of the Class, Plaintiff is informed and believe that there are over 100 class members. The precise number of class members may be ascertained through discovery;

(b) Commonality and Predominance (Fed. R. Civ. P. 23(a)(2) and 23(b)(3)): There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members. Such common questions of law and fact include, but are not limited to:

i. Whether Defendants violated MI ADC R 432.653(2)(c) (and all other similar statutes);

ii. Whether Defendants breached the Terms and Conditions of the Platform User Agreement with the Class Members;

iii. Whether Defendant's acceptance of deposits and wagers in violation of MI ADC R 432.653(2)(c) (and all other similar statutes) constitutes statutory conversion;

iv. Whether Defendant's acceptance of deposits and wagers in violation of MI ADC R 432.653(2)(c) (and all other similar statutes) constitutes a violation of EFTA (15 USC §1693)

v. Whether the Class members are the type of individuals MI ADC R 432.653(2)(c) (and all other similar statutes) was intended to protect;

vi. Whether Plaintiff and the Classes have been harmed and the proper measure of relief;

vii. Whether Plaintiff and the Classes are entitled to an award of punitive damages, attorneys' fees and expenses against Defendants; and

viii. Whether, because of Defendants' misconduct, Plaintiff and the Classes are entitled to equitable relief, and if so, the nature of such relief.

(c) Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the Class. Plaintiff and the Class have been injured by the same wrongful practices of Defendants. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of the Classes and are based on the same legal theories;

(d) Adequacy of Representation (Fed. R. Civ. P. 23(a)(4)): Plaintiff will fairly and adequately protect the interests of the Classes in that they have no interests antagonistic to those of the other members of the

Classes, and Plaintiff will retained attorneys experienced in consumer class actions and complex litigation as counsel;

This action is properly brought as a class action under Federal Rule of Civil Procedure 23(b) for the following reasons:

(a) Class Action Status (Fed. R. Civ. P. 23(b)(1)): Class action status in this action is warranted under Rule 23(b)(1)(A) because prosecution of separate actions by the members of the Classes would create a risk of establishing incompatible standards of conduct for Defendants. Class action status is also warranted under Rule 23(b)(1)(B) because prosecution of separate actions by the members of the Classes would create a risk of adjudications with respect to individual members of the Classes that, as a practical matter, would be dispositive of the interests of other members not parties to this action, or that would substantially impair or impede their ability to protect their interests.

(b) Declaratory and Injunctive Relief (Fed. R. C. P. 23(b)(2)): Certification under Rule 23(b)(2) is warranted because Defendants acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Classes as a whole.

(c) Superiority (Fed. R. Civ. P. 23(b)(3)): Certification under Rule 23(b)(3) is appropriate because questions of law or fact common to members of the Classes predominate over any questions affecting only individual members, and class action treatment is superior to the other available methods for the fair and efficient adjudication of this controversy.

(d) The proposed Classes are ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class Member were infringed or violated in the same fashion;

16

A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a)  Given the size of individual Class Member's claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

(b) This action will promote an orderly and expeditious administration and adjudication of the proposed Classes' claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured;

(c) Without a class action, Class Members will continue to suffer damages, and Defendant's violations of law will proceed without remedy while Defendants continue to reap and retain the substantial proceeds of their wrongful conduct; and

(d) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.  Defendants have, or have access to, address information for the Class Members, which may be used for the purpose of providing notice of the pendency of this class action.

(e) Plaintiff seeks damages and equitable relief on behalf of the Classes on grounds generally applicable to the entire proposed Classes.

## Definition of Proposed Class

Plaintiff brings this class action on behalf of the following class (the "Class"): All persons who created an account with DraftKings, whether via its website, mobile app, or third-party platform, who

signed up for DraftKings accounts and who were able to increase their self-imposed usage limits without

the required 24 hour waiting period before the limit increase took effect.  Excluded from the Class are

Defendants and their officers and directors at all relevant times, members of Defendants' immediate

families and their legal representatives, heirs, successors, and assigns, and any entity in which the

Defendants have or had a controlling interest.

Plaintiff reserves the right to amend or modify the Class in connection with a Motion for Class

Certification or as the result of discovery.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can

prove the elements of the claims on a class-wide basis using the same evidence as individual Class

Members would use to prove those elements in individual actions alleging the same claims.

### Size of the Proposed Class

Plaintiff does not currently know the exact size of the proposed Class. However, Plaintiff is

aware that the Class is so numerous that joinder of the individual Members of the proposed Class is

impracticable. On information and belief, the Class includes at least hundreds of people throughout the

states of Michigan, Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York.  The number and

identities of Class Members are unknown to Plaintiff, but can be ascertained through discovery,

including into Defendants' account records, electronic messages, and customer service files, as well as

through published notice.

### Adequacy of Representation by the Class Representative

Plaintiff's claims are typical of the Class, and Plaintiff will fairly and adequately protect the

interests of the Class. Plaintiff has no interests adverse to the interests of the Class and will retain

counsel capable of managing this case once certain threshold questions are answered by the court.

Common Questions of Law and Fact

Questions of law or fact common to the Class exist as to Plaintiff and all Class Members, and these common questions predominate over any questions affecting only individual Class Members. Among the common questions of law and fact are the following:

a. Whether Defendants' online platform functionality for player protections violated Michigan law MI ADC R 432.653(2)(c) (and all similar statutes in Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York);

b. Whether Defendants, by violating MI ADC R 432.653(2)(c) (and all similar statutes in Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York), violated its own platform's User Agreement by not following Michigan (or Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York) law, resulting in a breach of contract;

c. Whether Defendants, by accepting deposits and wagers which is contrary to Michigan (or Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York) law, illegally converted Plaintiff's deposits and wagers for its own purposes, making that conversion pursuant to MCL 600.2919a(1)(a) and treble damages (or similar statutes in Indiana and Colorado and Connecticut);

d. Whether Defendant's acceptance of deposits in violation of MI ADC R 432.653(2)(c) (and all other similar statutes) constitutes a violation of EFTA (15 USC §1693);

e. Whether Defendants owed Plaintiff and the Class a duty, and whether they breached the same; and

f. The amount of damages sustained by Plaintiff and the Class defined as all deposits and wagers accepted by DraftKings during each offending 24 hour period.

## Typicality of Claims of the Class Representatives

Plaintiff does not anticipate any difficulties in the management of this action as a class action. The Class is ascertainable, and there is a well-defined community of interests in the questions of law and fact alleged because the rights of each Class Member were violated in similar fashion based on Defendants' misconduct. Notice can be provided through records and publication, the cost of which is properly imposed upon Defendants.

Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff and the Class Members. Common questions of law and fact predominate over any individual questions that may arise.

The injuries sustained by Plaintiff and the Class Members flow, in each instance, from a common nucleus of operative facts, i.e., Defendants' violation of Michigan law MI ADC R 432.653(2)(c) (and similar statutes in Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York).

Plaintiff's claims are typical of the claims of the Class they seek to represent. Defendants' uniform obligations relating to patron protections apply equally to Plaintiff and all Class Members. Moreover, the defenses, if any, that will be asserted against Plaintiff's claims are typical of the defenses, if any, that will be asserted against all Class Members' claims.

## Nature of the Notice to the Proposed Class

Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The vast majority of the names and contact information of the Class Members is likely available from Defendants or their partners.

The class definition is carefully drawn such that the Class Members can easily be identified and notified using standard class notification methods, including analysis of Defendants' sales records, mailing, electronic notification, and other methods.

To the extent possible, Plaintiff contemplates providing notice(s) to the Class, as approved by the Court, through the mail or as otherwise directed. In the alternative or in connection with mailed notices, Plaintiff may utilize paid advertising notices online or in media likely to draw the attention of Class Members e.g., specialty magazines. The notice(s) shall, among other things, advise the Class that they shall be entitled to "opt out" of the Class if they so request by a date specified within the notice and that any judgment, whether favorable or not, entered in this case will bind all members except those who affirmatively exclude themselves by timely opting out.

## First Cause of Action

### Violation of Michigan regulation MI ADC R 432.653(2)(c) and all similar statutes in Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York

Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

MI ADC R 432.653(2)(c) and all similar statutes (1 CO ADC 207-2 (3)(b)(iii) (Colorado), CT ADC § 12-865-11-(t)(3) (Connecticut), 68 IAC 27-12-3(b)(3) (Indiana), 491-14.13(99E)(1)(e) (Iowa), La. Admin Code. tit. 42, Pt VI, § 515 (B)(2) (Louisiana), and 9 NY ADC 5403.2 (a)(2) and 9 NY ADC 5330.8 (c)(3) (New York)) require an at least 24-hour waiting period for any increase in user implemented gaming limits once a request has been initiated.  Defendants' gaming platform does not contain these patron

protections and is in violation of state law, a violation which caused specific and tangible harm to plaintiff.

As an online gaming operator of the associated states, Defendant has a statutorily established duty to comply with state platform regulations as outlined in MCL 432.307.

Plaintiff and class seek declaratory relief, injunctive relief, nominal damages, punitive damages, and attorney's fees and costs.

## Second Cause of Action

### Negligence per se - Violation of Michigan regulation MI ADC R 432.653(2)(c) and all similar statutes in Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York

Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

MI ADC R 432.653(2)(c) (and similar statutes in Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York) requires a 24 hour waiting period for any increase in user implemented gaming limits once a request has been initiated.  Defendants' gaming platform does not contain these patron protections and is in violation of state law, a violation which caused specific and tangible harm to plaintiff.

Defendant had a statutory duty but breached that duty by failing to comply with the law.  As a direct result of Defendants' breach of this statutory duty, Plaintiff and the Class suffered injuries in the form of monetary losses and associated financial distress.  This law was enacted to specifically protect the Plaintiff and similarly positioned individuals from this specific type of harm.

Plaintiff and class seek monetary damages, injunctive relief, restitution, and disgorgement of all monies obtained by means of Defendants' unlawful conduct, interest, and attorney's fees and costs.

### Third Cause of Action

### Breach of Contract

Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

Under the terms and conditions of the User Agreement of the online platform, Defendants state that it will follow the laws of the state of Michigan (and Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York).  By illegally accepting deposits in violation of MI ADC R 432.653(2)(c) (and similar statutes in Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York), Defendants were in violation of their own User Agreement and as such is in breach of contract.  Equity requires the illegal deposits and wagers to be refunded as restitution.

### Fourth Cause of Action

### Statutory Conversion pursuant to MCL 600.2919a(1)(a) and similar statutes in Indiana and Colorado and Connecticut

Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

By accepting deposits and wagers which is contrary to Michigan (and Colorado and Indiana and Connecticut) laws, Defendants illegally converted Plaintiff's deposits and wagers for its own purposes. Pursuant to MCL 600.2919a(1)(a) (and similar statutes in Indiana and Colorado and Connecticut), Plaintiff and class is entitled to recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees as a result of this illegal conversion.

**Fifth Cause of Action**

**Negligent Infliction of Emotional Distress**

Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

By negligently accepting deposits and wagers which is contrary to Michigan (and Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York) laws, Defendants caused substantial financial strain on Plaintiff and those similarly situated, which resulted in significant stress on these individuals. This stress manifests itself in various ways including, cardiovascular deterioration, mental deterioration, fatigue, among others.

Plaintiff and class seek monetary damages, injunctive relief, restitution, and disgorgement of all monies obtained by means of Defendants' unlawful conduct, interest, and attorney's fees and costs.

**Sixth Cause of Action**

**Violation of EFTA (Electronic Fund Transfers Act) – 15 USC §1693**

Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

By facilitating/accepting electronic deposits into users' monetary deposit accounts contrary to Michigan (and Colorado, Connecticut, Indiana, Iowa, Louisiana, and New York) laws, Defendant violated EFTA by conducting "unauthorized electronic fund transfer." DraftKings did not have statutory authority to conduct these transfers.

As authorized within EFTA - 15 USC §1693(m), Plaintiff and class seek monetary damages, injunctive relief, restitution, and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, and attorney's fees and costs.

24

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That the case be certified as a class action on behalf of the Class, appoint Plaintiff as Class representative, and appoint his counsel as Class counsel;

2. A declaration that Defendants' actions, as described herein, violate the law as described herein;

3. An award of injunctive and other equitable relief as necessary to protect the interests of Plaintiff and the Class, including an order prohibiting Defendants from engaging in the unlawful acts described above;

4. An award to Plaintiff and the proposed Class of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all revenues and unjust enrichment that Defendants obtained from Plaintiff and the proposed Class as a result of their unlawful business practices as described herein;

5. An award of all economic, monetary, actual, consequential, compensatory, and treble damages caused by Defendants' conduct;

6. An award of punitive damages;

7. An award of reasonable expenses of attorney's fees;

8. An award of pre and post-judgment interest, to the extent allowable; and

9. For such further relief that the Court may deem just and proper.

Respectfully Submitted,

Michael Koester

12/30/2025

650 Birch Ln

Grosse Pointe Woods, MI 48236

mkoest@gmail.com

313-655-4190

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: __Wayne__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Koester

**DEFENDANTS**
Draftkings, Inc. and its subsidiaries

**(b)** County of Residence of First Listed Plaintiff    Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [x] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [x] 890 Other Statutory Actions |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

890

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1332
Brief description of cause:
Violation of MI ADC R 432.653(2)(c) (and similar statutes)

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $    More than 5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE    Behm
DOCKET NUMBER   4:25-cv-14106

DATE
December 30, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other     ☒ Yes
            court, including state court? (Companion cases are matters in which ☐ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: <u>ED Michigan</u>

Case No.: <u>4:25-cv-14106</u>

Judge: <u>Behm</u>


Notes :  Entirely unrelated Defendant, but the foundational legal issue is the same